No. 18,563.

DOLORES VASQUEZ *v.* FELIX ESQUIBEL.
(346 P. [2d] 293)

Decided November 9, 1959.

Mr. JOHN C. BANKS, Mr. FRANK A. ELZI, Mr. ARTHUR E. RYMAN, JR., for plaintiff in error.

Mr. WILLIAM R. KOGER, for defendant in error.

*En Banc.*

Mr. Chief Justice Knauss delivered the opinion of the Court.

Plaintiff in error, petitioner below in a contributory dependency proceeding, seeks reversal of a judgment of the Denver Juvenile Court dismissing the action. It was alleged in the usual form that defendant in error, Esquibel, was the father of petitioner's dependent child. He is referred to as respondent herein. The child was born May 17, 1957, and trial of the case was had on December 3, 1957.

At the outset of the trial, counsel for respondent stated to the court that petitioner was married to a man other than respondent at the time of the conception and birth of the child, and moved the court for a dismissal of the action. It was then stipulated that petitioner was in fact a married woman during that period.

Counsel for petitioner then offered proof consisting of the depositions of petitioner's husband, his mother, the petitioner herself, and by the testimony of another witness whose name does not appear in the record, that petitioner's husband did not have access to his wife during the period when the child could have been conceived.

The trial court ruled that petitioner and her husband could not testify concerning non-access. The court then ruled that the testimony of the husband's mother and the other witness were not sufficient in law to overcome the presumption of legitimacy of the child, and dismissed the petition.

The early common law rule was that a husband or wife could not testify for or against each other. This rule has been modified by statute in this state. C.R.S. '53, 153-1-7. Here neither of the parties were testifying against the other.

The common law rule prohibiting the husband or wife from testifying to non-access in filiation cases first arose in the middle of the eighteenth century and is generally known as the Lord Mansfield rule wherein it is stated

that as "to children born in wedlock \* \* \* the law of England is clear that the declarations (or testimony on the stand) of a father or mother cannot be admitted to bastardize the issue born after marriage. \* \* \* It is a rule founded in decency, morality and policy. \* \* \* " Colorado adopted the common law of England as it existed prior to the announcement of the Lord Mansfield rule.

*Commondwealth v. Kitchen,* 299 Mass. 7, 11 N.E. (2d) 482, is cited with approval in *Nulman v. Cooper,* 120 Colo. 98, 207 P. (2d) 814. There the testimony of the wife as to non-access of her husband was admitted without qualification, and this court said:

"Accordingly, we follow and approve the ruling in Commonwealth v. Kitchen, 299 Mass. 7, 11 N.E. (2d) 483, where, after pointing out that there was a presumption of legitimacy of children born to a married woman, the Massachusetts court went on to say:

" 'It is, however, established in this Commonwealth that the presumption can be overcome only by proof that the husband of the mother was impotent — of which there is no evidence — or by proof that he had no access to her during the time when, according to the course of nature, he could be the father of the child. \* \* \* This rule has not been changed by statute.

\*　\*　\*

" 'The judge could find legally that the presumption was overcome. The testimony of the mother of the child, the only witness to nonaccess, included testimony "that she has not seen or held any communication with her husband and was and is unaware of his whereabouts subsequently to September 14, 1935, up to the date of the trial." Her testimony warranted, at least, a finding of non-access after September 14, 1935 — three hundred five days before the birth of the child. \* \* \* ' "

Also in the Nulman case we cited *Lynch v. Rosenberger,* 121 Kans. 601, 249 Pac. 682. In that case the Kansas court expressly rejected Lord Mansfield's rule

and allowed the mother to testify as to non-access by her husband. There the court quoted with approval the views of Dean Wigmore that the Lord Mansfield rule should not be followed in this country. Wigmore on Evidence § 2064, page 369, 1940 ed.

*Moore v. Smith,* 178 Miss. 383, 172 So. 317, adequately discusses, then discards, the archaic and outmoded reasons announced by Lord Mansfield.

As was said in *Lynch v. Rosenberger,* supra, the "Lord Mansfield rule is artificial and unsound. Being so, it should neither be used to suppress the truth nor to prevent substantial justice." See also *Peters v. District of Columbia,* 84 A. (2d) 115, *Cinders v. Lewis,* 93 Cal. App. (2d) 90, 208 P. (2d) 687, and *Yerian v. Brinker,* (Ohio App.) 35 N.E. (2d) 878.

In an estate matter in which the effect of the presumption herein considered was in issue, Judge Cardoza said: "The presumption does not consecrate as truth the extravagantly improbable * * *." In re Findley, 253 N.Y. 1, 170 N.E. 471.

██ In the instant case petitioner offered evidence of the husband that he and petitioner are first cousins, that they were married in 1952 and lived together for one month, separating when relatives disapproved the marriage because of the relationship of the parties; that he had not seen or visited petitioner since 1952; that he lived in Walsenburg, Colorado, and petitioner lived in Denver, Colorado, and that in July 1956, he moved to California where he remained until April of 1957. The offer made by counsel for petitioner was to the effect that she would substantiate the deposition of her husband. All these offers were summarily refused by the trial court. If the testimony concerning non-access during the period when the conception took place and for a long time prior and subsequent thereto is believed by the trier of the fact, the presumption would be overcome. It would still be incumbent on petitioner to estab-

lish to the satisfaction of the trial court that respondent was the father of the child, but he cannot .rely on the outmoded and archaic conclusiveness of a presumption in the light of facts which petitioner offered to prove.

We hold, therefore, that the trial court erred in dismissing the petition and should have allowed the petitioner to present her case. The judgment is reversed and the cause is remanded for further proceedings consistent with the views herein expressed.