548 P.2d 1282 (1975)
The PEOPLE of the State of Colorado In the Interest of R. M. and W. M., children.
Upon the Petition of G. C., Petitioner-Appellant,
and concerning R. M., Respondent-Appellee.
No. 75-511.
Colorado Court of Appeals, Div. I.
December 11, 1975.
*1283 Max P. Zall, City Atty., Frank A. Elzi, Carl R. Mangino, Asst. City Attys., Denver, for petitioner-appellant.
No appearance for respondent-appellee.
Selected for Official Publication.
COYTE, Judge.
Petitioner, G. C., appeals from the dismissal of her action for support on behalf of W. M. in a proceeding filed pursuant to Article 7 of the Colorado Children's Code, § 19-7-101 et seq., C.R.S.1973. We reverse.
The petition filed by G. C. alleged that respondent R. M. was the father of both R. M. and W. M. whom he had failed to support. Respondent admitted paternity as to R. M., but denied paternity as to W. M. and consequently moved for blood tests and a jury trial. Since respondent denied paternity, and W. M. was already five years old, an evidentiary hearing was ordered to determine whether paternity of W. M. had been previously established through the written acknowledgment of respondent or by his furnishing support. See § 19-6-101(2), C.R.S.1973.
At the hearing, petitioner made the following offer of proof: That the child, W. M., was conceived and born during the marriage of the parties; that shortly before the child's birth, respondent abandoned the petitioner and R. M., the other child of their marriage; consequently, petitioner advised the court that it would be impossible to demonstrate either written acknowledgment of W. M. by respondent or that he had furnished support for W. M. These allegations were undisputed.
Thereupon, relying on the case of People in re L. B., 179 Colo. 11, 498 P.2d 1157, appeal dismissed mem., 410 U.S. 976, 93 S.Ct. 1497, 36 L.Ed.2d 173, the trial court found that where paternity is denied in an action for support under Article 7 of the Colorado Children's Code, the matter must proceed as a paternity action under Article 6 thereof, § 19-6-101 et seq., C.R.S.1973. It therefore dismissed the action without prejudice. Because People in re L. B. concerned the paternity of a child conceived and born out of wedlock, it is not dispositive of the issues presented in this case, and thus the trial court erred in its ruling premised thereon.
Article 7 of the Colorado Children's Code provides for a simple civil proceeding to compel parents, including fathers of illegitimate children or other legally responsible persons, to support a child or children as their means permit. See Note, "Enforcement of Support Duties in Colorado," 33 Rocky Mt.L.Rev. 70.
Article 6 of the Colorado Children's Code provides for proceedings to establish the paternity of a child and, where paternity is satisfactorily established, to compel support in the same action. Under that *1284 statute such proceedings are barred after the child's fifth birthday unless paternity has previously been acknowledged by the father either in writing or by his furnishing support for the child.
In the case of People in re L. B., supra, the Colorado Supreme Court interpreted the legislative scheme evident in Article 6 and Article 7 of the Colorado Children's Code. It held that paternity and support issues are to be determined under Article 6 and that Article 7 is to be used only for the determination of support where paternity is not in dispute. Since under Article 6 the putative father has the right to trial by jury and blood grouping tests may be ordered by the court and received in evidence, the court held that the legislature intended that that Article was to be the exclusive means of adjudicating contested paternity. It further ruled that neither blood tests nor a jury trial are permissible in an Article 7 proceeding for support. The court therefore concluded that it was error for a court to adjudicate paternity during the petition for support proceeding, since the provision for support proceeding presupposed that paternity, if contested, had already been established. However, the principles announced in People in re L. B. were premised on a factual situation in which the children involved had been conceived and born out of wedlock. In contrast, W. M. was conceived and born during the marriage of petitioner and respondent and is accordingly entitled to the presumption of legitimacy accorded the children of an existing marriage.
The presumption that a child conceived in wedlock is the offspring of the husband is the strongest presumption known to law. People in re A. M. D. v. R. C. D., 29 Colo.App. 202, 481 P.2d 123. Though not conclusive, it can only be overcome by proof that the husband is either sterile or had no access to the wife at any time when according to the course of nature conception could have occurred. As stated by Justice Cardozo in an early case, "The presumption will not fail unless common sense and reason are outraged by a holding that it abides." In re Findlay, 253 N.Y. 1, 170 N.E. 471.
Here, respondent conceded the previous marital relationship and neither alleged nor proved an affirmative defense of sterility or non-access. He offered merely the bald denial of paternity and requested that the court order blood grouping tests.
Under these circumstances, we hold that respondent's bare denial of paternity is insufficient to require termination of the Article 7 proceedings. The instant case does not involve the mother of an illegitimate child seeking support from a putative father. On the contrary, W. M. was conceived and born during wedlock and is presumed legitimate until the presumption is rebutted. On this basis we distinguish the ruling of People in re L. B., supra, and hold that petitioner cannot be deprived of the right to proceed under Article 7 by the mere denial of paternity by respondent.
Furthermore, plaintiff can so proceed until respondent presents proof sufficient to overcome the presumption of legitimacy, and in this connection he would be entitled to blood grouping tests under § 13-25-126(1)(a), C.R.S.1973. See Beck v. Beck, 153 Colo. 90, 384 P.2d 731. Any other outcome would unduly burden petitioner under the circumstances herein, and unfairly stigmatize the issue of a valid marriage.
Judgment reversed and cause remanded for proceedings not inconsistent with this opinion.
SILVERSTEIN, C. J., and STERNBERG, J., concur.