588 P.2d 379 (1978)
W. R. S., Plaintiff-Appellant,
v.
E. R., Defendant-Appellee and concerning S. R., a minor child.
No. 78-600.
Colorado Court of Appeals, Div. III.
September 21, 1978.
Rehearing Denied October 12, 1978.
Certiorari Denied December 26, 1978.
Susan Wendall Whicher, Wheatridge, for plaintiff-appellant.
Bowman, Shambaugh, Geissinger & Wright, Arthur S. Bowman, Denver, for defendant-appellee.
PIERCE, Judge.
Plaintiff, W. R. S., appeals the judgment of the juvenile court dismissing his paternity action on the basis of res judicata. We reverse and remand with directions to reinstate the action.
On June 5, 1974, plaintiff, as putative father of a minor child, filed a petition to determine paternity pursuant to C.R.S.1963, 22-1-3(5). On September 5, the court dismissed the action, specifically concluding that plaintiff was not authorized under the statute to bring such an action. On April 29, 1977, plaintiff filed a declaratory judgment action seeking a determination of paternity. Finding that the prior dismissal was with prejudice pursuant to C.R.C.P. 41(a), the trial court dismissed the declaratory judgment action without prejudice.
The Uniform Parentage Act, Colo.Sess. Laws 1977, ch. 245, § 19-6-101, et seq., at 1010, became effective on July 1, 1977. Under this statute, putative fathers may now bring paternity actions. Colo.Sess. Laws 1977, ch. 245, § 19-6-107 at 1012. On November 29, plaintiff filed the instant action under the newly enacted statute. This action *380 was subsequently dismissed on May 8, 1978, the court finding that the issues raised had been previously determined in the 1974 action, and were thus res judicata.
The 1974 action was dismissed because the statute then in effect did not authorize paternity proceedings by fathers. It was not, nor could it have been, an adjudication on the merits. Thus, the doctrine of res judicata does not apply. Pomeroy v. Waitkus, 183 Colo. 344, 517 P.2d 396 (1973).
The judgment of the juvenile court dismissing plaintiff's complaint is reversed, and the cause remanded with directions to reinstate the action.
RULAND and VAN CISE, JJ., concur.