and in the Interest of A.L.R.P.

No. 83CA0224.

Colorado Court of Appeals,
Div. II.

Dec. 8, 1983.

Rehearing Denied Jan. 5, 1984.

James R. Collins, William H. Short, Denver, for plaintiff-appellant.

Howard M. Tuttle, III, Michael V. Makaroff, Englewood, for defendant-appellee.

VAN CISE, Judge.

In July 1981, plaintiff, D.S.P., a resident of the state of Washington, commenced this action under the Uniform Parentage Act, § 19–6–101, et seq., and specifically § 19–6–105(1)(d) and (1)(e), C.R.S.1973 (1978 Repl.Vol. 8) against defendant, R.L.K. (mother) "in the interest of A.L. R.P., a minor child." The mother and the child are residents of Colorado. In his complaint, plaintiff sought a determination that he is the father of the child, and asked for the entry of appropriate orders for custody, visitation, and child support.

The trial court granted the mother's motion for summary judgment and dismissed the action on the grounds that plaintiff was not a presumed father under the statute and that the action was barred by the statute of limitations which the mother had pled as an affirmative defense. Plaintiff appeals. We reverse.

From the depositions, transcripts, affidavits, exhibits, and the admissions and denials of the parties' pleadings and trial data

certificates, the following facts appear without substantial controversy. The mother and one K.K. (the husband) were married in December 1969, separated in November 1973, and were divorced in October 1974. The child was conceived in May or June 1974 and was born in February 1975. At the divorce hearing the mother testified that there were no children of the marriage; at no time has she asked for or received child support from the husband.

The mother and plaintiff lived together for portions of 1974 before and during the conception period and for at least the major portion of the period of the pregnancy. They had frequent sexual relations during the conception period. Together they attended pre-natal natural birth classes. Plaintiff was present and assisted at the birth. Based on information furnished by the mother, the child's initial birth certificate, issued in the state of Washington in March 1975, listed plaintiff's last name as the child's last name; however, on the same certificate there was a blank in the section for the name of the father.

Plaintiff and the mother lived together with the child for 15 or 16 months or more following the birth. During this period, plaintiff held himself out as the father of the child. During their relationship, they contemplated marriage but were never married.

They separated in the summer of 1976. In September, the mother had the child's birth certificate changed to reflect the child's last name as being the same as hers instead of that of plaintiff.

In early 1977, the mother moved with the child to the Denver area, and they have lived there ever since. She is now married to another man, and the child lives with them.

The ultimate issue of whether plaintiff is the natural father of the child is disputed in the record. Blood tests which might resolve the ultimate issue have not been performed. *See* Colo.Sess.Laws 1983, ch. 167, § 13–25–126 and § 19–6–105(1)(f). However, the trial court's dismissal was not based on this factual issue, but rather on its conclusion that the action was barred by the statute of limitations it found applicable.

The trial court's ruling was based on its construction of several provisions of the Uniform Parentage Act. These include:

Section 19–6–105, C.R.S.1973:

"(1) A man is presumed to be the natural father of a child if:

"(a) He and the child's natural mother are or have been married to each other and the child is born during the marriage, or within three hundred days after the marriage is terminated by divorce . . .

. . . .

"(d) While the child is under the age of majority, he receives the child into his home and openly holds out the child as his natural child. . . . or

"(e) He acknowledges his paternity of the child in a writing filed with the court or registrar of vital statistics . . .

"(2) A presumption under this section may be rebutted in an appropriate action only by clear and convincing evidence . . ."

and § 19–6–107, C.R.S.1973:

"(1) A child, his natural mother, or a man presumed to be his father under section 19–6–105(1)(a), (1)(b), or (1)(c), may bring an action:

"(a) At any time for the purpose of declaring the existence of the father and child relationship presumed under section 19–6–105(1)(a) . . . or

"(b) For the purpose of declaring the nonexistence of the father and child relationship presumed under section 19–6–105(1)(a) . . . only if the action is brought . . . in no event later than five years after the child's birth . . .

"(2) Any interested party may bring an action at any time for the purpose of determining the existence or nonexistence of the father and child relationship presumed under section 19–6–105(1)(d) or (1)(e)."

The trial court held, as a matter of law, that the husband is presumed to be the natural father under § 19–6–105(1)(a), that the plaintiff is not presumed to be the natural father under § 19–6–105(1)(d) or (e), and that, therefore, the applicable statute of limitations is § 19–6–107(1)(b) and not § 19–6–107(2). From this, the court concluded that, since plaintiff's action had not been brought within five years after the child's birth, summary judgment of dismissal should be granted.

### I.

 Plaintiff contends the court erred in holding as a matter of law that he is not a presumptive father within the meaning of § 19–6–105(1)(d) or (e).

Under the uncontroverted facts, the court was correct as to § 19–6–105(1)(e). There was no written acknowledgment of paternity filed by him with the court or registrar of vital statistics. The allegations in his complaint in this action do not constitute a "writing filed with the court" for purposes of the statute.

However, it is undisputed that he received the child into his home and openly held out the child as his natural child. Therefore, for purposes of the summary judgment proceedings, he is the presumed father as prescribed in § 19–6–105(1)(d), and the court erred in holding otherwise.

### II.

Plaintiff also contends that the court erred in holding that the five-year limitation period in § 19–6–107(1)(b), and not the unlimited period in § 19–6–107(2) applies in this action. We agree.

Since plaintiff is presumed to be the natural father under § 19–6–105(1)(d), he is an "interested party." And, since he brought this action "for the purpose of determining the existence of the father and child relationship," § 19–6–107(2) directly applies to him.

This action was not brought by anyone "presumed to be [the child's] father under § 19–6–105(1)(a), (1)(b), or (1)(c)," and,

therefore, none of § 19–6–107(1) is applicable to this case.

The judgment is reversed and the cause is remanded for further proceedings.

SMITH and KELLY, JJ., concur.