710 P.2d 1174 (1985)
M.W. and A.W., Petitioners-Appellees,
v.
D.G., Respondent-Appellant.
No. 84CA1011.
Colorado Court of Appeals, Div. I.
July 25, 1985.
Rehearing Denied September 5, 1985.
Certiorari Denied December 16, 1985.
*1175 Clarence O. Bakken, Denver, for petitioner-appellee M.W.
Doris E. Burd, Denver, Guardian ad Litem for Minor Child, A.W.
Thomas A. Wallace, Denver, for respondent-appellant.
VAN CISE, Judge.
M.W. (the mother) brought this action seeking a determination of paternity under the Uniform Parentage Act, § 19-6-101, et seq., C.R.S. (1978 Repl.Vol. 8). D.G. appeals a summary judgment which determined that he is the biological father of A.W. (the child). We affirm.
The mother was married to another at the time the child was conceived and born. At no time was D.G. married to the mother. D.G. asserts that because the mother's husband is presumed to be the child's father pursuant to § 19-6-105(1)(a), C.R.S. (1978 Repl.Vol. 8), a genuine issue of material fact remained. We disagree.
The presumption of a husband's paternity is rebuttable by clear and convincing evidence of non-access during the period when conception occurred. See § 19-6-105(2), C.R.S. (1978 Repl.Vol. 8); Vasquez v. Esquibel, 141 Colo. 5, 346 P.2d 293 (1959). "Clear and convincing evidence" means evidence which is stronger than a "preponderance of the evidence," and which is highly probable and free from serious or substantial doubt. CJI-Civ.2d 3:2 (1984 Supp.).
Here, the mother submitted an affidavit in conjunction with a motion for summary judgment which stated in part that she had not seen her husband since January 1978, that the child was conceived during September 1979, that she had sexual intercourse with D.G. through the months of August, September, and October 1979, and that D.G. was the only man with whom she had sexual intercourse during the summer and fall of that year. In addition, the affidavit of a certified immunologist was submitted which stated that, as a result of pertinent testing, there was a 98.6 percent probability that D.G. is the biological father of the child. It thus became incumbent upon D.G. to present specific facts by affidavit or otherwise which identified a genuine issue of material fact for trial. See C.R.C.P. 56(e); People in Interest of F.L.G., 39 Colo.App. 194, 563 P.2d 379 (1977).
D.G.'s affidavit merely noted that a presumption exists by virtue of the wife's marital status and offered no refuting facts. As a result, the mother's affidavit stood unrebutted and free from doubt. We conclude that the affidavit of the mother plus the immunological test results constituted a clear and convincing showing that D.G. was the child's father. And, since D.G. presented no evidentiary challenge to that showing, summary judgment was properly granted.
Judgment affirmed.
PIERCE and STERNBERG, JJ., concur.