and concerning

A.L.D., a minor child.

No. 87CA1233.

Colorado Court of Appeals,
Div. II.

July 14, 1988.

Lee G. Rallis, Denver, for petitioner-appellant.

Larry S. Jacobs, P.C., Larry S. Jacobs, Denver, for respondent-appellee.

VAN CISE, Judge.

In this paternity action, petitioner, G.K.D. (mother), appeals the judgment of dismissal entered on motion of respondent, R.A.D. We reverse.

The child, A.G.D., was born in May 1983, during the marriage of mother and respondent. In July 1986, mother commenced two separate lawsuits, one in the district court to dissolve the marriage, and this paternity action in the juvenile court seeking a declaration of the nonexistence of the father and child relationship between respondent and the child. Respondent filed a motion to dismiss the paternity action, asserting, among other things, that it was barred by the applicable statute of limitations.

Following hearing, the juvenile commissioner denied the motion to dismiss. Upon review based on the record of the hearing before the commissioner, see § 19-1-110(5), C.R.S. (1986 Repl.Vol. 8B), the juvenile court rejected the commissioner's findings and recommendations, finding instead, as a matter of law, that the action had not been brought within a reasonable time. Accordingly, it dismissed the action. This appeal followed.

I.

An action brought for the purpose of declaring the nonexistence of the father and child relationship presumed under § 19-6-105(1)(a), C.R.S. (1986 Repl.Vol. 8B) (now § 19-4-105(1)(a), C.R.S. (1987 Cum. Supp.)) had to be "brought within a reasonable time after obtaining knowledge of relevant facts, but in no event later than five years after the child's birth." Section 19-6-107(1)(b), C.R.S. (1986 Repl.Vol. 8B) (now § 19-4-107(1)(b), C.R.S. (1987 Cum.Supp.)); *People in Interest of S.L.H.*, 736 P.2d 1226 (Colo.App.1986).

Mother contends that the juvenile court erred in rejecting the findings and recommendations of the commissioner and in determining as a matter of law that the paternity action was not brought within a reasonable time after mother obtained knowledge of the relevant facts. We agree.

■ The motion to dismiss and the objection filed with respect thereto were accompanied by supporting factual allegations and affidavits. Thus, the motion must be deemed a motion for summary judgment, see C.R.C.P. 12(b), and all doubts as to the existence of a genuine issue of material fact must be resolved against the moving party. See C.R.C.P. 56(c); *Travelers Insurance Co. v. Savio*, 706 P.2d 1258 (Colo. 1985); *Van Schaack v. Phipps*, 38 Colo. App. 140, 558 P.2d 581 (1976). Whether the action was brought within a reasonable time is a question of fact. See *In re Marriage of Seely*, 689 P.2d 1154 (Colo.App. 1984).

In the motion to dismiss, respondent asserted that mother knew or should have known the relevant facts at the time the child was conceived and that, therefore, her failure to file the action until the child was three years old was unreasonable. Mother's objection, together with an accompanying affidavit, disputed respondent's factual assertions. These circumstances clearly reveal the existence of a genuine issue of material fact and, therefore, summary judgment was improper.

■ Its order was also erroneously based on the fact that, in her petition, mother did not "name any other man as a possible father of her child." A petition filed for the purpose of declaring the nonexistence of the father-child relationship does not have to name another man as the father. Section § 19-6-107(1)(b), C.R.S. (1986 Repl.Vol. 8B) merely provides: "After the presumption has been rebutted, paternity of the child by another man *may be determined in the same action*, if he has been made a party." (emphasis supplied) The failure to name another man as the possible father of the child here does not constitute grounds for dismissal.

II.

■ Mother also contends that the juvenile court abused its discretion in ordering her to pay the guardian ad litem fees. We agree.

A determination as to payment of guardian ad litem fees is within the discretion of the juvenile court, and its decision will not be disturbed on appeal absent a clear abuse of that discretion. See § 19-6-117, C.R.S. (1986 Repl.Vol. 8B); *C.R.A.H. v. P.M.M.*, 647 P.2d 239 (Colo.App.1981).

Here, respondent moved for the appointment of a guardian ad litem and agreed to pay the guardian fees. Mother opposed the motion, seeing no need for such an appointment. The commissioner granted the motion, "noting that this is on the motion of the respondent, so the court will assess the costs of the guardian ad litem to [respondent]." Under these circumstances, we conclude that the juvenile court's order requiring mother to pay all of the guardian ad litem fees and the judgment entered therefor constituted an abuse of discretion.

The judgments are reversed, and the cause is remanded for further proceedings consistent with this opinion.

SMITH and NEY, JJ., concur.