213 P.3d 1033 (2009)
The PEOPLE of the State of Colorado, In the Interest of S.E.G., a Child,
Upon the Petition of the Denver Department of Human Services, Petitioner-Appellant, and
M.M.M., a/k/a M.M.M.G., Petitioner-Appellee, and
Concerning S.R.S.G., Respondent-Appellee.
No. 08CA1504.
Colorado Court of Appeals, Div. I.
May 14, 2009.
David R. Fine, City Attorney, Lara G. Delka, Assistant City Attorney, Denver, Colorado, for Petitioner-Appellant.
No Appearance for Petitioner-Appellee.
No Appearance for Respondent-Appellee.
Opinion by Judge LICHTENSTEIN.
The Denver County Department of Human Services (department) appeals from the juvenile court's order denying its C.R.C.P. 60(b) motion to set aside the dismissal of a child support action based on the determination that, because the parents were married and paternity was not contested, the district, not juvenile, court had subject matter jurisdiction over the action. We vacate the order and remand with directions.

I. Background
In November 2007, after negotiations with S.R.S.G. (father) were unsuccessful, the department's Child Support Enforcement Unit (CSE Unit), acting pursuant to sections 26-13.5-101 *1034 to -115, C.R.S.2008, initiated this action in the juvenile court on behalf of M.M.M. (mother) to establish permanent child support and medical insurance for S.E.G. (child). Father did not dispute paternity, and no other action involving these parties was before the juvenile or district court.
Mother filed a forthwith motion in this case for emergency custody, and father requested a hearing to determine custody and visitation. The juvenile court conducted a hearing on these parenting issues, but dismissed the entire action at a subsequent review hearing, ruling that it lacked subject matter jurisdiction. The court encouraged the parties to address the child support issue in the district court as part of an anticipated dissolution of marriage action.
The department filed a C.R.C.P. 60 motion seeking to set aside the order of dismissal and reinstate the case, arguing that (1) it did not receive notice of the prior hearings, (2) neither party had pursued a dissolution of marriage action, and (3) the juvenile court had concurrent jurisdiction to enter support orders and to allocate parental responsibilities and parenting time.
The juvenile court entered a written order denying the Rule 60(b) motion. The department timely appealed from that order.
Initially we note that a dissolution action may have been filed during the pendency of this appeal that would resolve father's child support obligation. Nevertheless, we elect to address the issue of subject matter jurisdiction because it is capable of repetition yet will evade review. People in Interest of L.O.L., 197 P.3d 291, 293 (Colo. App.2008).

II. Discussion
The department asserts that the juvenile court erred as a matter of law when it dismissed the case for lack of jurisdiction. The department argues that marital status is irrelevant and does not preclude a support action under sections 19-6-101 to -106, C.R.S.2008 (article 6), of the Children's Code. We agree.
Subject matter jurisdiction concerns the authority of the court to decide a particular matter. In re Marriage of Hillstrom, 126 P.3d 315, 317 (Colo.App.2005).
Section 19-1-104(1)(e), C.R.S.2008, grants the juvenile court "exclusive original jurisdiction" over "proceedings ... [f]or the issuance of orders of support under article 6" of the Children's Code, including temporary support orders. People in Interest of A.K., 72 P.3d 402, 404 (Colo.App.2003); see § 19-1-104(3)(a), C.R.S.2008 (temporary support orders). Article 6 support proceedings may be initiated in the juvenile court by any person, or by a CSE Unit acting pursuant to article 13.5 of title 26, C.R.S. See §§ 19-6-101(1)(a), 19-6-104(3.5), 26-13.5-102(5), C.R.S.2008.
As pertinent here, article 6 governs "[p]roceedings to compel parents, or other legally responsible persons, to support a child or children." § 19-6-101(1)(a) (emphasis added).
Because the pertinent sections of articles 1 (general provisions) and 6 of the Children's Code do not contain language restricting the juvenile court's jurisdiction to cases regarding parents who are not married or cases where paternity is contested, we agree with the department that the juvenile court erred by dismissing the department's child support action for lack of subject matter jurisdiction. See, e.g., People in Interest of R.M., 37 Colo. App. 209, 210-11, 548 P.2d 1282, 1283-84 (1975) (support proceeding under previous version of the Children's Code was the appropriate vehicle to compel support from father who was married to mother and who did not sufficiently rebut presumption of paternity).
Our conclusion is not altered by the fact that, in response to mother's motion, father requested parenting time. Pursuant to article 6, the juvenile court has authority to enter orders allocating parental responsibilities and parenting time orders in connection with a child support proceeding involving resident parties. See § 19-6-104(3.5) ("Upon the filing of a proceeding under this article [6] or upon the filing of a proceeding originating under article 13.5 of title 26, C.R.S., the court may enter an order allocating parental responsibilities pursuant to section 14-10-124(1.5) ...."); see § 14-10-124(1.5), C.R.S.2008 (parental responsibilities *1035 include parenting time); see also § 26-13.5-105(3)(d), C.R.S.2008 ("If the obligor raises issues relating to the allocation of parental responsibilities, decision-making responsibility, or parenting time and the court has jurisdiction to hear such matters, the court shall set a separate hearing for those issues after entry of the order of support.").
We therefore conclude the juvenile court here had subject matter jurisdiction to determine the department's action to establish child support under section 19-6-101(1)(a). Accordingly, we conclude the juvenile court erred in denying the department's C.R.C.P. 60(b) motion to set aside the dismissal. We also necessarily agree with the department that the juvenile court erred in failing to notify it of the hearings conducted in this case.
The order is vacated, and the case is remanded to the juvenile court to reinstate the department's action, if no dissolution action has been filed.
Judge TAUBMAN and Judge RULAND[*] concur.
NOTES
[*] Sitting by assignment of the Chief Justice under provisions of Colo. Const. art. VI, § 5(3), and § 24-51-1105, C.R.S.2008.