Opinion by JUDGE PLANK*
¶ 1 In this paternity action, Rebecca A. McKenzie (mother) appeals the order granting judgment on the pleadings in favor of Mark A. Russo (Russo), which held that her action to determine the existence of a father and child relationship with I.M. was barred by the statute of limitations. We affirm.
*490 I. Background
¶ 2 I.M. was born on October 2, 1992. Russo and mother were not married. On March 11, 2011, mother, as next friend, sought to establish paternity under section 19-4-105(1)(d), C.R.S.2012. Russo responded that because I.M. was over age eighteen, mother's action was barred by the statute of limitations under section 19-4-108, C.R.S. 2012, and she lacked capacity to sue as next friend of I.M.
¶ 3 Russo then moved for judgment on the pleadings, asserting the same arguments. In mother's response, she conceded that she lacked capacity to sue as next friend of I.M., and she requested that I.M. be joined as an indispensable party under C.R.C.P. 19(a).
¶ 4 The trial court granted the motion for judgment on the pleadings, finding that because section 19-4-108 required that a paternity action be brought before the child's eighteenth birthday and I.M. was eighteen years old when mother filed the petition, the action was barred by the statute of limitations. The court rejected mother's request to join I.M., finding that I.M.'s right to litigate the issue would not be affected by the outcome because under 19-4-108, he could bring a paternity action any time prior to his twenty-first birthday.
¶ 5 Mother appeals.
II. Statute of Limitations
¶ 6 Mother contends the trial court erred by applying section 19-4-108 to determine that the action was barred by the statute of limitations. She asserts that the court should have considered section 19-4-107(1) and (2), C.R.S. 2012, which allowed her to bring an action "at any time." We disagree.
¶ 7 Initially, we conclude that section 19-4-107(1) does not apply here. This section provides that a natural mother may bring an action at any time for the purpose of declaring the existence of the father and child relationship presumed under section 19-4-105(1)(a), (b), or (c), C.R.S.2012. Under these provisions, a man is a presumed father if he was married or thought he was married to the child's mother. § 19-4-105(1)(a), (b), (c). Here, Russo and mother were never married and never attempted to marry. Further, mother did not allege such facts. Thus, section 19-4-107(1) is inapplicable, and the trial court did not have to consider it. See D.S.P. v. R.L.K., 677 P.2d 959, 961 (Colo. App. 1983) ( section 19-4-107(1) did not apply where the presumed father brought an action under section 19-4-105(1)(d) ).
¶ 8 We conclude that although an action under section 19-4-107(2) can be brought "at any time," section 19-4-108 requires that the action be brought prior to the child's eighteenth birthday.
¶ 9 As relevant here, section 19-4-107(2) provides that any interested party may bring an action at any time for the purpose of determining the existence of the father and child relationship presumed under section 19-4-105(1)(d).
¶ 10 Section 19-4-105(1)(d) states that a man is presumed to be the natural father of a child if while the child is under the age of majority, he receives the child into his home and openly holds out the child as his natural child.
¶ 11 Section 19-4-108 provides that an action to determine the existence of the father and child relationship may be brought at any time prior to the child's eighteenth birthday.
¶ 12 In People in Interest of R.T.L., 780 P.2d 508, 511 (Colo. 1989), our supreme court concluded that although section 19-4-107(1)(a) stated that an action for the purpose of declaring the existence of a father and child relationship presumed under section 19-4-105 (1)(a), (1)(b), and (1)(c) may be brought "at any time," section 19-4-108 required that the action be brought before the child's eighteenth birthday.
¶ 13 We recognize that the R.T.L. court did not consider section 19-4-107(2), which controls an action for the purpose of declaring the existence of a father and child relationship under section 19-4-105(1)(d), as is the case here. However, we discern no reason to treat a paternity action based on a different statutory presumption differently when considering whether the statute of limitations in section 19-4-108 applies. Thus, we are persuaded by the language in R.T.L., and *491 we apply it here to support our conclusion that the statute of limitations under section 19-4-108 governs actions brought under section 19-4-107(2).
¶ 14 Having reached this conclusion, we also reject mother's assertion that the Uniform Interstate Family Support Act (UIFSA) permits her to bring an action at any time.
¶ 15 Accordingly, we discern no error by the trial court in applying section 19-4-108.
III. Judgment on the Pleadings
¶ 16 Mother contends the trial court erred by granting Russo's motion for judgment on the pleadings because there were disputed material facts. We disagree.
¶ 17 In considering a motion for judgment on the pleadings, the trial court must construe the allegations of the pleadings strictly against the movant, must consider the allegations of the opposing party's pleadings as true, and should not grant the motion unless the pleadings themselves show that the matter can be determined on the pleadings. Hannon Law Firm, LLC v. Melat, Pressman & Higbie, LLP, 293 P.3d 55, 58 (Colo. App. 2011). Entry of judgment on the pleadings is proper only if the material facts are undisputed and the movant is entitled to judgment as a matter of law. Id . We review an order granting judgment on the pleadings de novo. Id .
¶ 18 Whether a claim is barred by a statute of limitations is a question of fact and may only be decided as a matter of law when "the undisputed facts clearly show that the plaintiff had, or should have had the requisite information as of a particular date." Wagner v. Grange Ins. Ass'n, 166 P.3d 304, 307 (Colo. App. 2007) (quoting Sulca v. Allstate Ins. Co., 77 P.3d 897, 899 (Colo. App. 2003) ).
¶ 19 Here, it is undisputed that mother brought this action after I.M.'s eighteenth birthday. Thus, the trial court could decide whether her action was barred under section 19-4-108 as a matter of law without considering whether there were disputed material facts regarding whether Russo met the criteria under section 19-4-105(1)(d).
¶ 20 Because the trial court found that mother's action was barred, Russo was entitled to judgment on the pleadings. Accordingly, we discern no error by the court entering such judgment. Further, because mother's action was time barred, we need not consider the merits of her section 19-4-105(1)(d) claim.
IV. Indispensable Party
¶ 21 Mother contends the trial court erred by denying her request to join I.M. as an indispensable party to the action. Specifically, she asserts that the court did not provide a factual or legal basis for the denial. We disagree.
¶ 22 C.R.C.P. 19 provides that a person must be joined as a party if, in the person's absence, (1) complete relief cannot be accorded among those already parties; (2) disposition of the action might impair or impede the absent party's ability to protect that interest; or (3) disposition of the action might leave any party to the action subject to a substantial risk of incurring multiple or inconsistent obligations by reason of the absent party's claimed interest.
¶ 23 Under section 19-4-110, C.R.S.2012, "[t]he child may be made a party to the action." Thus, a child is not an indispensable party to a paternity action and may but need not be joined. In re A.D., 240 P.3d 488, 490 (Colo. App. 2010).
¶ 24 Under section 19-4-108, an action brought by a child whose paternity has not been determined may be brought at any time prior to the child's twenty-first birthday.
¶ 25 Here, the trial court considered section 19-4-108 and found that although it had dismissed mother's action, I.M.'s rights to litigate the issue would not be affected. Thus, it concluded that I.M. was not an indispensable party.
¶ 26 We conclude that the trial court did not err by not joining I.M. as an indispensable party. The court's disposition did not impair or impede I.M.'s ability to protect his interest because he could bring his own paternity action under 19-4-108. Further, there was no risk of any party incurring multiple or inconsistent obligations because the action was dismissed as time barred.
¶ 27 Accordingly, we discern no error by the trial court in denying mother's request to join I.M.
*492 V. Appellate Attorney Fees
¶ 28 Russo requests an award of appellate attorney fees under sections 13-17-102(4) and 19-4-117, C.R.S. 2012. We reject his argument that he is entitled to such fees under both sections because mother's maintenance of the paternity action was "stubbornly litigious."
¶ 29 An action is substantially frivolous only if the proponent can present no rational argument based on the evidence or law in its support. Eurpac Serv., Inc. v. Republic Acceptance Corp., 37 P.3d 447, 453 (Colo. App. 2000). An action is substantially vexatious if brought or maintained in bad faith to annoy or harass another, and vexatiousness includes conduct that is arbitrary, abusive, stubbornly litigious, or disrespectful of the truth. Consumer Crusade, Inc. v. Clarion Mortg. Capital, Inc., 197 P.3d 285, 289-90 (Colo. App. 2008).
¶ 30 We do not consider mother's appeal to be frivolous or vexatious. Mother's argument presents an issue of first impression regarding the applicable statute of limitations for paternity actions under section 19-4-107(2).
¶ 31 To the extent that Russo's request under section 19-4-117 has some other basis, he fails to explain that basis. Thus, we will not consider this argument. See Barnett v. Elite Props. of America, Inc., 252 P.3d 14, 19 (Colo. App. 2010) ("We will not consider a bald legal proposition presented without argument or development."); Castillo v. Koppes-Conway, 148 P.3d 289, 291 (Colo. App. 2006) (refusing to consider plaintiff's arguments when the plaintiff failed to cite relevant legal authority or identify specific errors).
¶ 32 Accordingly, we deny his request.
¶ 33 The order is affirmed.
JUDGE DAILEY and JUDGE GABRIEL concur.

Sitting by assignment of the Chief Justice under provisions of Colo. Const. art. VI, § 5 (3), and § 24-51-1105, C.R.S. 2012.