**The PEOPLE of the State of Colorado, Petitioner–Appellant,**

**In the Interest of R.T.L., Child,**

**And Concerning R.L., Respondent–Appellee.**

No. 86CA1658.

Colorado Court of Appeals, Div. I.

Nov. 12, 1987.

Rehearing Denied Dec. 24, 1987.

Certiorari Granted (People) June 6, 1988.

Robert R. Gallagher, Jr., Dist. Atty., Catherine P. Adkisson, Chief Deputy Dist. Atty., Littleton, for petitioner-appellant.

Lozow, Lozow and Elliott, Paul D. Basso, Denver, for respondent-appellee.

VAN CISE, Judge.

In this child support proceeding under Article 7 of the Children's Code, §§ 19-7-101, et seq., C.R.S. (now in 1986 Repl.Vol. 8B) (Art. 7), the People, acting through Arapahoe County Department of Social Services (department), appeal the summary judgment entered in favor of R.L., the child's presumed father. We affirm.

The child, R.T.L., was born on September 2, 1979, 264 days after the dissolution of the marriage of R.L. and the child's mother, C.L. On April 2, 1986, the department brought this Art. 7 action on behalf of the child, seeking a court order directing R.L., the child's presumed father under § 19-6-101, et seq., C.R.S. (now in 1986 Repl.Vol. 8B) (Art. 6), to pay a child support debt as well as future child support.

R.L. responded by filing a motion for summary judgment which alleged that he was not the child's biological father and that, therefore, he owed no duty to contribute toward the child's support. With his motion, he submitted: (1) an affidavit which stated that he and C.L. did not have

sexual intercourse for more than two years prior to the birth of the child, (2) a copy of the amended decree of dissolution which determined, on the basis of R.L.'s and C.L.'s stipulation, that R.L. was not the child's father, and (3) an extract from a deposition of C.L. in which she admitted that R.L. was not the father.

No counter-affidavit or other documentation was filed by the department. It relied entirely on the rebuttable statutory presumption of paternity and the five-year statute of limitations for a declaration of nonpaternity contained in § 107(1)(b) of Art. 6.

The trial court granted the motion and dismissed the petition for support. This appeal followed.

The only issue on appeal is whether, in an Art. 7 support proceeding brought more than five years after the birth of the child, the Art. 6 five-year statute of limitations precludes a presumed father from asserting as a defense the nonexistence of the father-child relationship.

This issue was addressed in *B.G. v. S.G.*, 199 Colo. 403, 609 P.2d 121 (1980). There, the supreme court held "that the fact that an Art. 6 proceeding was not brought within the time permitted by section 19–6–101(2) C.R.S. 1973 [the predecessor to the version of § 19–6–107(1)(b) applicable here], does not bar an Art. 7 proceeding with respect to children born in wedlock. In such a case the presumed father must be permitted to deny an obligation to support the child ... by denying paternity, and that issue must be resolved in the Art. 7 proceeding."

Although *B.G. v. S.G.* was decided under a previous version of Art. 6, the rationale of B.G. still applies. Art. 6 then, as now, creates a procedure to establish paternity and to compel support by the father. Art. 7 creates a procedure to compel parents, "including ... legally responsible persons," to support a child. Section 103(1) of Art. 7 requires that the court find "that the respondent has an obligation to support the child" before any order for support may be entered. Therefore, in this Art. 7 support proceeding, the respondent R.L. must be permitted to deny an obligation to support the child, and the defense of non-paternity is not barred by the Art. 6 statute of limitations.

The unrefuted documents submitted by R.L. were sufficient, as a matter of law, to overcome the statutory presumption of paternity. Hence, summary judgment in his favor was properly entered.

Judgment affirmed.

PIERCE and CRISWELL, JJ., concur.