**M.R.D., Minor, by P.D., Mother, as next best friend, and R.F.D., Petitioners–Appellants,**

v.

**F.M., Respondent–Appellee.**

**No. 89CA1663.**

Colorado Court of Appeals, Div. II.

Jan. 31, 1991.

Napoleon S. Crews, Jr., Pueblo, for petitioners-appellants.

Brian T. Knight, Pueblo, for respondent-appellee.

Opinion by Judge TURSI.

In this action for determination of a father-child relationship, petitioners, M.R.D. (child), by her mother, P.D., as next friend, and R.F.D., P.D.'s husband and the child's presumptive father, appeal the trial court's order denying a motion to set aside an order granting summary judgment in favor of respondent, F.M. We affirm.

The child was born on September 18, 1977, during the marriage of mother and R.F.D. On November 17, 1987, child, mother, and respondent submitted to paternity blood testing, resulting in a determination that there is a 99.8563 percent probability of respondent being the child's biological father.

This action was commenced on March 16, 1988, by child, mother as next friend, and R.F.D. R.F.D. seeks money damages as reimbursement for his past support of child and for his emotional distress and health problems arising from respondent's alleged negligence. Mother, on behalf of child, seeks past and future child support, money damages, and custody.

The claims for relief are based upon the fact that respondent is the child's biological father. Accordingly, petitioners sought a determination pursuant to § 19–4–107(2), C.R.S. (1990 Cum.Supp.) of the Uniform Parentage Act (UPA) that, as a consequence of the paternity blood test results establishing the presumption of respondent's paternity in accordance with § 19–4–105(1)(f), C.R.S. (1990 Cum.Supp.), a father-child relationship exists between respondent and child.

Respondent requested the trial court to appoint a guardian ad litem to represent the child. This motion was denied. Respondent then moved for summary judgment, asserting that, although he is the biological father of the child, the paternity action is barred by the five-year statute of limitations codified in § 19–4–107(1)(b), C.R.S. (1990 Cum.Supp.). The trial court

granted the motion for summary judgment and dismissed the petition in its entirety.

In its findings, the trial court accepted respondent as the biological father of the child. However, applying the conflicting presumptions to the circumstances here, it concluded that public policy favors the presumption of legitimacy accorded to the existence of the father-child relationship between the child and R.F.D. Accordingly, it held that since child was born during R.F.D.'s marriage to mother, R.F.D. is the child's presumed father under § 19-4-105(1)(a), C.R.S. (1990 Cum.Supp.). The five-year statute of limitations was therefore applied, and the proceeding was dismissed as time-barred pursuant to § 19-4-107(1)(b) of the Uniform Parentage Act.

## I.

R.F.D. and P.D. contend that the trial court abused its discretion when it refused to set aside its determination that § 19-4-107(1)(b) bars petitioners' action. Specifically, they argue that they were erroneously prohibited from seeking a determination regarding respondent's father-child relationship inasmuch as § 19-4-107(2), the open-ended statute of limitations, permits "any interested party" to establish the *existence* of respondent's paternal relationship with child.

In support of their argument, petitioners contend that public policy does not support the presumption of legitimacy accorded to R.F.D.'s father-child relationship in these circumstances. We disagree.

### A.

Section 19-4-105(1)(a) states that a man is presumed to be the natural father of a child if he and the child's natural mother were married at the time the child was born. Section 19-4-107(1)(b) provides that certain parties, including child's mother and a man presumed to be the child's father under § 19-6-105(1)(a) of the UPA, may bring an action to declare the *nonexistence* of the presumed father and child relationship no later than five years after the child's birth.

Here, because R.F.D. and P.D. were married to each other at the time of child's birth, they are required to *disestablish* R.F.D.'s presumed paternity before they may establish *another* father-child relationship and recover money damages arising therefrom. *People in Interest of R.T.L.,* 756 P.2d 383 (Colo.App.1987), *aff'd,* 780 P.2d 508 (Colo.1989); *see Miller v. Sybouts,* 97 Wash.2d 445, 645 P.2d 1082 (1982). Consequently, the trial court correctly concluded that the action is time-barred pursuant to § 19-4-107(1)(b).

### B.

Petitioners nevertheless assert that because respondent is the child's presumed father under § 19-4-105(1)(f), by virtue of the paternity blood test results, the trial court abused its discretion by denying petitioners' right to bring this action as an "interested party" to determine the *existence* of paternity "at any time." Section 19-4-107(2), C.R.S. (1990 Cum.Supp.). We disagree.

When, as here, two or more conflicting presumptions arise, "the presumption which on the facts is founded on the weightier considerations of policy and logic controls." Section 19-4-105(2), C.R.S. (1990 Cum.Supp.).

In furtherance of its purpose to protect the child's interests, rights, and relationships, the UPA favors the strong presumption of legitimacy accorded to a child born in wedlock. *People in Interest of S.L.H.,* 736 P.2d 1226 (Colo.App.1986); 9B Uniform Laws Annot., Matrimonial, Family & Health Laws 287, (1987); *see People in Interest of R.T.L., supra.* Consequently, although petitioners possess distinct rights pursuant to the UPA to challenge the paternity of a child who is presumed to be legitimate, they must exercise them within a strictly limited time. *People in Interest of R.T.L., supra.*

Thus, even though evidence establishing the nonexistence of the presumed father's paternity may exist, a man who is presumed to be a child's father under one of

two conflicting presumptions may *not* utilize the open-ended statute of limitations to prove the nonexisting father-child relationship more than five years after the child's birth. *People in Interest of S.L.H., supra.* Such an action is time-barred by § 19–4–107(1)(b). *See also People in Interest of R.T.L., supra.*

This resolution of the issue is buttressed by the rules of statutory construction, which provide that a specific statutory provision controls over a conflicting general provision. *See Kuckler v. Whisler,* 191 Colo. 260, 552 P.2d 18 (1976). The statutory construction proposed by petitioners would, contrary to legislative intent, vitiate the five-year statute of limitations which promotes the legitimacy of children. *See Miller v. Sybouts, supra* (construing conflicting statutes of limitation contained in Washington's codified UPA); *and Clay v. Clay,* 397 N.W.2d 571 (Minn.App.1986) (construing conflicting statutes of limitations contained within the UPA and the Minnesota code).

Accordingly, in light of the UPA's policy to promote the presumption of legitimacy, the trial court properly denied petitioners' requested relief.

## II.

Since the remaining issues on appeal implicate jurisdictional grounds, we address them even though not directly raised here by the parties. *See Messenger v. Main,* 697 P.2d 420 (Colo.App.1985).

The UPA requires that the child be made a party to the paternity proceeding. Section 19–4–110, C.R.S. (1990 Cum. Supp.). Consequently, the child is an indispensable party to such an action. *In re Marriage of Burkey,* 689 P.2d 726 (Colo. App.1984).

If the child is a minor, the trial court "may appoint a guardian ad litem." Section 19–4–110, C.R.S. (1990 Cum.Supp.). However, under no circumstances may the child's interests in a paternity proceeding be represented by the mother or father. Section 19–4–110, C.R.S. (1990 Cum.Supp.); *J.E.S. v. F.F.,* 762 P.2d 703 (Colo.App.1988).

This requirement protects those interests of the child which may conflict with the interests of the mother and father. 9B Uniform Laws Annot., Matrimonial, Family & Health Laws 312 (1987) (Commissioner's Comment § 9).

Here, the court's denial of respondent's motion to appoint a guardian ad litem to represent the child's interests rendered the court without jurisdiction to enter a judgment on an action brought by or on behalf of the child. Therefore, because the child, an indispensable party, was not before the court as a proper party plaintiff, *In re Marriage of Burkey, supra,* the issue whether child's right to bring an action pursuant to the UPA is time barred by the trial court's judgment has not been adjudicated and is not properly presented for our review. *See Jefferson County Department of Social Services v. D.A.G.,* 199 Colo. 315, 607 P.2d 1004 (1980); *People in Interest of T.L.H.,* 701 P.2d 87 (Colo.App. 1984).

The order is affirmed.

HUME and ROTHENBERG, JJ., concur.