**The PEOPLE of the State of Colorado, Plaintiff–Appellee,**

v.

**Anthony John CALVO, Defendant– Appellant.**

**No. 91CA2043.**

Colorado Court of Appeals, Div. I.

Sept. 24, 1992.

Rehearing Denied Oct. 22, 1992.

Certiorari Denied March 15, 1993.

Gale A. Norton, Atty. Gen., Raymond T. Slaughter, Chief Deputy Atty. Gen., Timothy M. Tymkovich, Sol. Gen., Paul Koehler, Asst. Atty. Gen., Denver, for plaintiff-appellee.

David F. Vela, Colorado State Public Defender, Thomas R. Williamson, Deputy State Public Defender, Denver, for defendant-appellant.

Opinion by Chief Judge STERNBERG.

Defendant, Anthony John Calvo, appeals the trial court's order denying his post-conviction motion filed pursuant to Crim.P. 35(c). We affirm.

On June 19, 1987, the Department of Revenue, Motor Vehicle Division (Department), sent a notice by regular mail to the defendant notifying him that a hearing would be held to determine if his driver's license should be revoked for being an habitual traffic offender. Defendant did not appear for the hearing and was adjudicated an habitual traffic offender.

On July 21, 1987, the Department notified the defendant by certified mail that his license had been revoked for being an habitual traffic offender. Subsequently, defendant was arrested and pleaded guilty to driving after revocation prohibited.

Defendant then filed this Crim.P. 35(c) motion claiming that the Department had violated the notice provisions of § 42–2–

117(2), C.R.S. (1992 Cum.Supp.) and his due process rights by failing to send the notice of hearing by certified or registered mail. Relying on the notice provisions of §§ 42–2–123(8) to 42–2–123(12), C.R.S. (1984 Repl. Vol. 17), the trial court denied the motion.

On appeal, defendant asserts that, because the Department did not comply with the notice requirements of §§ 42–2–117 and 42–2–123, C.R.S. (1984 Repl.Vol. 17), it lacked jurisdiction to adjudicate him as an habitual traffic offender. We conclude that the Department did comply with the appropriate notice requirements.

In order to revoke the license of any person whose record appears to bring him within the definition of an habitual traffic offender under § 42–2–202, C.R.S. (1984 Repl.Vol. 17), the hearing procedure as provided in §§ 42–2–123(7) to 42–2–123(12), C.R.S. (1984 Repl.Vol. 17) must be employed. Section 42–2–203, C.R.S. (1984 Repl.Vol. 17).

Under § 42–2–123(8), C.R.S. (1984 Repl. Vol. 17), notification of a hearing to determine whether a person's driver's license should be revoked because he or she is an habitual traffic offender must be given to the licensee in writing by *regular* mail, addressed to the licensee's address as shown by the records of the Department.

If the licensee fails to appear, the Department must immediately revoke the license of the licensee, but the revocation will not be effective until 20 days after notification has been mailed to the licensee by *registered or certified mail,* return receipt requested, at his last known address as shown on the records of the Department. Section 42–2–123(12), C.R.S. (1984 Repl.Vol. 17).

We note that the statute was amended in 1990 to require the Department to mail the notification of revocation as required in § 42–2–117(2), but the provisions of § 42–2–123(8) were not changed. *See* § 42–2–123(12), C.R.S. (1992 Cum.Supp.). This adds additional support for the legislative distinction between notice of final action and other types of notices.

In this case the Department followed the requirements for notice as provided in §§ 42–2–123(8) and 42–2–123(12). The notice of hearing to determine whether his license should be revoked for being an habitual traffic offender was sent to the defendant by *regular* mail at his last known address as shown on the Department's records. When the defendant failed to appear at the hearing to contest his habitual traffic offender status, the Department adjudicated him an habitual traffic offender and notified him at his last known address by *certified mail,* return receipt requested, that his license would be revoked in 20 days unless he applied for a hearing. Nothing more was required.

Moreover, at the hearing on his Crim.P. 35(c) motion, defendant did not testify that he did not have actual notice of the hearing. *Cf. People v. Lesh,* 668 P.2d 1362 (Colo.1983). Indeed, he does not argue that he did not have actual notice of the hearing. Rather, he argues merely that the Department did not follow the notice requirements of § 42–2–117(2), C.R.S. (1992 Cum.Supp.).

Defendant's reliance on § 42–2–117(2), the general statute governing the requirements for notices issued by the Department to drivers, is misplaced. Section 42–2–117(2) requires all notices which are mailed by the Department to licensees to be sent postpaid by registered mail, return receipt requested, to the last known address shown by the records of the Department. However, the rule of statutory construction that a specific statutory provision controls over a conflicting general provision is applicable here to resolve the conflict between §§ 42–2–117(2) and 42–2–123(8). *M.R.D. v. F.M.,* 805 P.2d 1200 (Colo.App.1991).

Further, the legislative distinction between notices of final action and other types of notice is reasonable. The denial of driving privileges may become the basis for a conviction for driving after judgment prohibited. Requiring knowledge of the revocation underlying a charge of driving after judgment prohibited supplies a culpable mental state element for the charge. *People v. Lesh, supra.*

Notice sent by regular mail " 'may reasonably be relied upon to provide interested persons with actual notice of judicial proceedings.' " *Ault v. Department of Revenue,* 697 P.2d 24 (Colo.1985) (quoting *Greene v. Lindsey,* 456 U.S. 444, 102 S.Ct. 1874, 72 L.Ed.2d 249 (1982)). Moreover, as noted, the defendant does not claim that he did not actually receive the notice sent by regular mail.

Hence, under the statutory scheme for driver's license revocation, the defendant was given notice of the hearing. Consequently, his due process rights were not violated.

The order is affirmed.

NEY and DAVIDSON, JJ., concur.