907 P.2d 719 (1995)
W.C., In the Interest of A.M.K., a Child, Petitioner-Appellant,
and Concerning R.K., Respondent-Appellee.
No. 91CA1628.
Colorado Court of Appeals, Div. V.
October 12, 1995.
Rehearing Denied January 11, 1996.
*720 W.C., pro se.
Allen, Rogers, Metcalf & Vahrenwald, Russell B. Sanford, Fort Collins, for Respondent-Appellee.
Opinion by Judge ROY.
Petitioner, W.C., appeals from the judgment of the trial court denying his claim to a parent and child legal relationship between himself and A.M.K., his biological son (child). Petitioner also challenges the trial court's finding of, and its refusal to terminate, a parent and child relationship between child and respondent, R.K. (husband), who was married to child's natural mother at the time of child's conception and birth. He also appeals the trial court's award of costs and attorney fees. We affirm.
Child was born January 22, 1982, to mother while she was married to husband. During mother's pregnancy, both mother and petitioner suspected that petitioner was child's biological father as they had engaged in sexual intercourse near the time of conception. Both petitioner and husband were called to the hospital at the time of birth. After the birth of child, petitioner did not claim paternity and no proceeding was commenced *721 by either mother or any other interested person to establish his paternity.
Husband believed that he was child's father, held child out to the public as his child, and had his name placed on child's birth certificate. The marriage between mother and husband was subsequently dissolved in April 1984 in a proceeding in which the child was alleged to be an issue of the marriage. Mother and husband entered into a written separation agreement which was incorporated into the decree and required husband to support child and to provide child's health insurance. The agreement also provided for regular visitation between husband and child, which husband has continually exercised.
Petitioner did not take any action to claim paternity until the fall of 1988, six years after child's birth. Then, at petitioner's suggestion, he, mother, and child voluntarily submitted to blood tests, the results of which indicated a probability above 97% that petitioner was child's biological father. In March 1989, petitioner instituted this action.
After a three-day hearing, the trial court entered a judgment holding that there was a parent and child legal relationship between husband and child. The court found that petitioner was child's biological father, but that it was in child's best interests to continue the parent and child relationship between husband and child. This appeal followed.

I.
At the outset, and contrary to husband's contention, we conclude that petitioner's claim is not barred by the five-year statute of limitations now contained in § 19-4-107(1)(b), C.R.S. (1995 Cum.Supp.).
Section 19-4-107(1)(b) is a statute of limitations applicable to actions brought by the child, the mother, a man who is presumed to be the father by virtue of § 19-4-105(1)(a), (1)(b) and (1)(c), C.R.S. (1995 Cum.Supp.), and certain governmental agencies to declare the nonexistence of a father and child relationship presumed to exist by virtue of § 19-4-105(1)(a), (1)(b) and (1)(c). These fatherhood presumptions relate to a man who was married to the child's mother at the time of the child's birth; or who, together with other acts or circumstances, attempted a solemnized marriage with the child's mother either prior to or following the birth of the child which is or could be declared invalid.
Petitioner is not a person or entity to whom or to which the five-year limitation applies. More particularly, petitioner is not a man whose fatherhood is presumed pursuant to Colo.Sess.Laws 1987, ch. 138, § 19-4-105(1)(a), (1)(b), or (1)(c).
Petitioner claims a presumed status pursuant to § 19-4-105(1)(f) in that the result of blood tests do not exclude him as a probable father and the probability of his parentage is 97% or greater. Petitioner is, therefore, an "interested party" who can commence an action to establish a father and child relationship at any time prior to the child's eighteenth birthday. Colo.Sess.Laws 1987, ch. 138, § 19-4-107(2); and Colo.Sess. Laws 1987, ch. 138, § 19-4-108.
Husband asserts that, before petitioner can establish his own parent and child relationship by virtue of a presumption, petitioner must first obtain an order declaring the nonexistence of his presumed parent and child relationship. Therefore, petitioner's action is subject to the five-year limitation of § 19-4-107(1)(b) and is barred. We disagree.
The five-year statute relates to actions to declare the nonexistence of the father and child relationship by a man who is a presumed father by virtue of marriage or attempted marriage. The Uniform Parentage Act does not require that one man's presumed paternity by marriage or attempted marriage be disestablished before an action to assert a parent and child legal relationship by another man based on a different presumption or basis can be commenced. Indeed, § 19-4-105(2) specifically contemplates that a child may have more than one presumed father and provides criteria for determining which of two presumed fathers will have a parent and child relationship without elevating one presumption over the other.
Husband relies in part on M.R.D. v. F.M., 805 P.2d 1200 (Colo.App.1991), in which a division of this court held that the five-year *722 statute barred an action by the mother and presumed father by marriage to establish a parent and child relationship between the child and the biological father. The court reasoned that the presumed father by marriage must first disestablish his own status before he could assert the presumed status of the biological father. In this instance, however, the presumed biological father is attempting to assert his own paternity, not that of another, and he is not, as was the case in M.R.D., attempting to avoid the five-year limitation or the strong presumption in favor of legitimacy. See R. McG. v. J.W., 200 Colo. 345, 615 P.2d 666 (1980).
Husband's reliance on People in Interest of M.P.R., 723 P.2d 743 (Colo.App.1986) is, in our view, misplaced. In M.P.R., the biological father commenced a proceeding eleven months after birth of a child who also had a presumed father by marriage. The court held that eleven months was a reasonable time under what is now § 19-4-107(1)(b). To the extent, if any, that case held that actions initiated by biological fathers to establish their parent and child relationship are limited by § 19-4-107(1)(b), we disagree with the analysis and decline to follow it.

II.
Petitioner argues that the trial court erred in retaining the parent and child relationship between child and husband. We perceive no error.
The trial court found petitioner was a presumed father of the child pursuant to Colo. Sess.Laws 1987, ch. 138, § 19-4-105(1)(f) and § 13-25-126, C.R.S.(1987 Repl.Vol. 6A), i.e., he was the biological father. The court also found that husband was a presumed father by virtue of Colo.Sess.Laws 1987, ch. 138, § 19-4-105(1)(a), i.e., he was married to the natural mother at the time of birth, and by virtue of Colo.Sess.Laws 1987, ch. 138, § 19-4-105(1)(e), i.e., he had acknowledged his paternity.
The trial court then, in our view, correctly applied § 19-4-105(2), C.R.S. (1995 Cum. Supp.), which provides:
A presumption under this section may be rebutted in an appropriate action only by clear and convincing evidence. If two or more presumptions arise which conflict with each other, the presumption which on the facts is founded on the weightier considerations of policy and logic controls. The presumption is rebutted by a court decree establishing paternity of the child by another man. (emphasis added)
The trial court in its paternity order made a number of findings of fact with record support before concluding that the parent and child relationship between husband and child should continue.
The child, who was nine at the time of the paternity order, was tentatively diagnosed as suffering from attention deficit disorder and hyperactivity. Experts testified that the boy was immature and not ready to hear that the man whom he believed to be his father, in fact, was not. And, the trial court noted the dire consequences to the child if he were so told.
Mother testified that she did not have any long-term relationship with petitioner. Further, the trial court found that the child had bonded with his mother and husband and that it should not tamper with those relationships.
The trial court noted that, at the request of husband, the child's birth certificate lists husband as the father. It further noted that paternity, though not contested, was an issue in the dissolution of marriage proceedings between mother and husband and that the decree found the child to have been born as an issue of the marriage and entered appropriate support and visitation orders.
The public policy of Colorado favors legitimacy. See R. McG. v. J.W., supra. That policy is expressed in the presumption of paternity accorded to a man married to the mother at the time of the child's birth. See § 19-4-105(1)(a); M.R.D. v. F.M., supra; People in Interest of S.L.H., 736 P.2d 1226 (Colo.App.1986). Among the reasons for favoring legitimacy are the dire consequences to the child involved in changing the father and child relationship. People in Interest of S.L.H., supra.
Under the facts as found by the trial court and because of the public policy favoring *723 legitimacy, we find that the trial court did not abuse its discretion in continuing the parent and child relationship between child and husband. The court's ruling was not manifestly arbitrary, unreasonable, or unfair. See generally People v. Milton, 732 P.2d 1199 (Colo.1987).

III.
Petitioner next argues that he was denied equal protection of the laws, but he has provided neither convincing legal authority nor argument in support of this assertion. See Biel v. Alcott, 876 P.2d 60 (Colo.App. 1993). We, therefore, do not address it.

IV.
Petitioner also argues that he was denied due process of law because he was not made a party to the 1982 child support proceeding commenced by the Boulder County Department of Social Services against husband, seeking reimbursement of funds contributed to the support of the child. We disagree.
While petitioner does not state why this argument is germane to his claim, it appears that he wishes to avoid the implications of the last sentence of § 19-4-105(2), which provides that "[t]he presumption is rebutted by a court decree establishing paternity of the child by another man." In making this argument, petitioner ignores the decree of dissolution of marriage entered February 8, 1983, to the same effect, having arguably the same import, and which was relied upon by the trial court.
From our review of the trial court's order, it did not rely on the 1982 child support proceeding in reaching its findings, conclusions, and order. Therefore, we need not address the issue further.

V.
Petitioner also appeals the trial court's denial of his summary judgment motion under C.R.C.P. 56 to establish a parent and child relationship between himself and the child. We see no merit in this contention.
Under C.A.R. 1, subject to exceptions not here present, this court may review only final judgments. Under the circumstances present here, a party may not appeal the denial of a summary judgment motion, particularly when the case goes to trial after denial of the motion, because it is an unappealable interlocutory ruling and not a final judgment. Manuel v. Fort Collins Newspapers, Inc., 631 P.2d 1114 (Colo.1981); cf. Jones v. Feiger, 903 P.2d 27 (Colo.App.1994).

VI.
Lastly, petitioner appeals the trial court's order regarding attorney fees. We find no merit in his contentions.
Under the Uniform Parentage Act, the trial court is required to order that the parties pay the reasonable fees of counsel, experts, and the guardian ad litem. The court determines in what proportion the parties are to pay those fees. Section 19-4-117, C.R.S. (1995 Cum.Supp.).
Generally, this court will not disturb the trial court's determination of attorney fees in paternity cases unless the court clearly abuses its discretion. Furthermore, there need not be a showing of bad faith to award attorney fees in a paternity action. C.R.A.H., by Pueblo County Department of Social Services v. P.M.M., 647 P.2d 239 (Colo.App.1981).
The trial court in its order made factual findings regarding attorney fees and costs and the record amply supports its determination. Again, we find no abuse of discretion. See People v. Milton, supra.
The judgment is affirmed.
DAVIDSON and CASEBOLT, JJ., concur.