24CA1429 In Interest of AJF 07-31-2025

COLORADO COURT OF APPEALS

---

Court of Appeals No. 24CA1429
Archuleta County District Court No. 12JV35
Honorable Jeffrey R. Wilson, Judge

---

In the Interest of A.J.F., a Child,

and Concerning N.F.,

Appellant,

and

L.L.S.,

Appellee.

---

ORDER AFFIRMED

Division VI
Opinion by JUDGE TOW
Yun and Sullivan, JJ., concur

**NOT PUBLISHED PURSUANT TO C.A.R. 35(e)**
Announced July 31, 2025

---

Anne Whalen Gill, LLC, Anne Whalen Gill, Castle Rock, Colorado, for Appellant

The Law Firm of Lisa Ward, LLC, Lisa Ward, Durango, Colorado, for Appellee

¶ 1    In this post-decree paternity case, N.F. (father) appeals the district court's decision adopting the magistrate's award of trial attorney fees to L.L.S. (mother).  We affirm.

I.    Background

¶ 2    This case began when father filed a petition to determine that he was the father of A.J.F. (the child).  Later, mother and father, who were never married, stipulated to a permanent parenting plan and child support.

¶ 3    Mother filed a motion to enforce the stipulation and for trial attorney fees.  In her motion, she requested that the court require father to pay for the child's extraordinary medical expenses and school tuition.  While the magistrate granted some, but by no means all, of mother's requests for reimbursement, the magistrate's order was silent as to mother's fee request.  (In fact, notwithstanding mother's request for attorney fees in her motion, when either party attempted to address the attorney fees request during the hearing, the magistrate inexplicably admonished the parties that attorney fees were not relevant for the purposes of the

1

hearing.)  After father petitioned the district court for review, the district court adopted the magistrate's order.[1]

¶ 4  In the meantime, mother renewed her request for attorney fees.  After a hearing, the magistrate granted mother trial attorney fees pursuant to section 19-4-117, C.R.S. 2024.  Father petitioned for review of the magistrate's order, and the district court again adopted the magistrate's order.  This appeal followed.

## II.  Standard of Review

¶ 5  Our review of a district court's order adopting a magistrate's decision is effectively a second layer of appellate review.  *In re Marriage of Sheehan*, 2022 COA 29, ¶ 22.  We must accept the magistrate's factual findings unless they are clearly erroneous, meaning that they have no support in the record.  *In re Marriage of Young*, 2021 COA 96, ¶ 8.

¶ 6  Our review of a magistrate's award of attorney fees in paternity cases — including the reasonableness of the award — is limited to determining whether the court abused its discretion.  *W.C. in*

---

[1] Father appealed the district court's order, and a division of this court affirmed it.  *In Interest of A.J.F.,* (Colo. App. No. 23CA1318, Aug. 15, 2024) (not published pursuant to C.A.R. 35(e)).

*Interest of A.M.K.*, 907 P.2d 719, 723 (Colo. App. 1995); *see also Planning Partners Int'l, LLC v. QED, Inc.*, 2013 CO 43, ¶ 12.  A juvenile court abuses its discretion if its decision misapplies the law or is manifestly arbitrary, unreasonable, or unfair.  *People in Interest of A.N-B.*, 2019 COA 46, ¶ 9.  However, we review whether a magistrate applied the correct legal standard de novo.  *In re Marriage of Thorburn*, 2022 COA 80, ¶ 26.

### III. Consideration of Financial Resources

¶ 7  Father argues that the magistrate erred by considering the disparity in the parties' financial resources.  He argues that, though consideration of such disparity is required under section 14-10-119, C.R.S. 2024, that statute does not apply to a fee request under section 19-4-117.  Father also contends that the court erred by awarding mother all her requested attorney fees.  We perceive no abuse of discretion.

### A. Relevant Law

¶ 8  Before awarding attorney fees in a dissolution of marriage proceeding, section 14-10-119 requires the court to consider "the financial resources of both parties."  The court must make findings concerning the parties' relative incomes, assets, and liabilities and

3

then apportion fees in light of the statute's equitable purpose. *In re Marriage of Aldrich*, 945 P.2d 1370, 1378 (Colo. 1997). Pursuant to this statute, a court properly considers the disparity between the parties' resources because "the primary purpose for awarding attorney fees in a marriage dissolution case is to equalize the parties' financial positions." *In re Marriage of Anthony-Guillar*, 207 P.3d 934, 944 (Colo. App. 2009).

¶ 9 In contrast, in a paternity matter, section 19-4-117 is silent as to what factors the district court may consider when addressing any attorney fees request. *In re Parental Responsibilities Concerning N.J.C.*, 2019 COA 153M, ¶ 44. However, divisions of this court have concluded that the parties' finances, the protracted nature of the litigation, and the high costs of fees resulting from their "ceaseless arguments" may be relevant considerations. *Id.* (quoting *In Interest of D.R.V.*, 885 P.2d 351, 354 (Colo. App. 1994)).

## B. Preservation

¶ 10 As an initial matter, mother argues that father did not preserve his argument. She argues that father improperly relied on his response to mother's request for attorney fees to show that he had preserved the issue. See People in Interest of K.L-P., 148 P.3d

402, 403 (Colo. App. 2006) (a party must present an issue to the district court in a petition for review before that issue may be raised in the court of appeals). Father, in his reply, correctly points out that he also preserved the issue by raising it in his petition for review. There, he argued that the magistrate erred when he awarded fees "based solely on the inequality of income between the parties." Father also argued that their income inequality is relevant to a dissolution case, but not to the case at hand. We thus agree with father that he has preserved this issue.

## C.    Analysis

¶ 11    Father contends that the magistrate improperly relied on section 14-10-119. Father also argues that the court relied solely on the parties' finances and made "no other factual or legal findings supporting a fee award."

¶ 12    Father's arguments are belied by the record and by the order itself. The magistrate's written order — mirroring its oral findings after the hearing, which also explicitly considered how long this case has been litigated — did not invoke section 14-10-119. Instead, the order discussed factors found in case law interpreting section 19-4-117. Specifically, in addition to the parties' finances,

the court considered the protracted nature of litigation and the high costs of fees resulting from the parties' "ceaseless arguments." It stated:

> [P]ursuant to C.R.S. 19-4-117, based upon the [c]ourt's detailed findings on the record on February 13, 2024, and the evidence presented at hearing which proved that [father's] financial resources are substantially greater than [m]other's and . . . in light of the protracted nature of the litigation as evidenced by the voluminous number of pleadings and hearings in this matter, [m]other incurred reasonable attorney's fees in the amount of $89,490.00 . . . .

¶ 13 The magistrate's factual findings have record support. Mother's counsel testified regarding the protracted and complicated litigation in this matter. And she testified father's litigation was "ceaseless" in that it involved numerous, similar arguments in several motions to dismiss, petitions for district court review, and on appeal. Mother also offered into evidence an itemized exhibit depicting how this litigation led to the $89,490 in attorney fees. The magistrate further heard testimony that father had, at least at one point in the proceeding, a net worth of ten million dollars and an annual income of three million dollars. And testimony indicated

6

that mother had "no resources" and that her income was $1,207 per month excluding child support.

¶ 14     These findings sufficiently support the magistrate's decision, pursuant to section 19-4-117, that father pay mother's attorney fees. The magistrate did not misapply the law, nor was his decision manifestly arbitrary, unreasonable, or unfair. *See N.J.C.*, ¶ 46.

## IV.    Reasonableness

¶ 15     Father next contends that the district court did not make required findings regarding the reasonableness of attorney fees awarded to mother. Mother counters that father did not preserve his argument. We agree with mother.

¶ 16     Father points only to evidence in the record that he raised the issue of reasonableness before the magistrate. He does not identify where he raised this issue in the petition for review of the magistrate's order, as is required to properly preserve an issue for our review. *See K.L.P.*, 148 P.3d at 403.

¶ 17     We understand father to argue that the order for attorney fees should not be subject to this restriction because it was made by a district court judge. It was not. Although the judicial officer is a part-time county court judge and a part-time magistrate, he was

necessarily acting in his capacity as a magistrate when handling this case. *See* § 19-1-104(1), C.R.S. 2024 (providing that the juvenile court has exclusive original jurisdiction over proceedings under the Children's Code); § 19-1-103(89), C.R.S. 2024 (providing that, outside of Denver, the juvenile court is the juvenile division of the district court); § 19-1-108(1), C.R.S. 2024 (providing authority for juvenile court magistrates); C.R.M. 6(d) (same); *see also* § 13-6-104, C.R.S. 2024 (establishing the jurisdiction of the county court with no reference to matters under title 19); C.R.M. 8 (establishing the authority of county court magistrates with no reference to matters under title 19).

¶ 18    We acknowledge that the judicial officer's signature on the order on appeal might be read to suggest that the order was entered by a district court judge. Under the judicial officer's signature, the order reads "District Court Judge/Magistrate." Indeed, the judicial officer's orders throughout this case have routinely misstated his specific role.[2] Nevertheless, father clearly knew that the order was

---

[2] The judicial officer has signed orders in this case as a "Magistrate," "County Court Judge," "District Court Judge," "District Court Judge/Magistrate," and "District Court ~~Judge~~/Magistrate" (with the "Judge" portion crossed out).

issued by a magistrate because he filed a petition for the district court to review the magistrate's ruling without questioning the judicial officer's title or role. Thus, the judicial officer's signature line did not absolve father of his obligation to properly preserve his appellate issues.

¶ 19    In short, in father's petition for review, he challenged only whether (1) mother sufficiently raised the fees issue at the merits hearing on her motion to enforce; (2) the magistrate should have conducted a hearing after the case was administratively closed following that merits hearing; and (3) considerations involving the parties' disparate resources are appropriate when a party requests fees in a child support enforcement action. Because he did not raise the issue of whether the fees requested were reasonable or necessary, he failed to preserve that issue for appeal.

## V.    Mother's Request for Appellate Fees

¶ 20    Mother asks to be awarded attorney fees for defending this appeal. Notably, mother embedded her request in the conclusion section of her answer brief. Such requests must be set forth under a separate heading. *See* C.A.R. 39.1. For this reason, it is within our discretion to deny the request.

¶ 21    But we also deny the request for another reason.  As mother notes in her answer brief, this court has "full discretion as to an [o]rder of attorney[] fees," and that discretion includes the ability to consider "the protracted nature of litigation and the high costs of fees resulting from [the parties'] ceaseless arguments."  *See D.R.V.*, 885 P.2d at, 354.

¶ 22    Along those lines, we note that the parties' dispute has persisted for so long that, at least at this point, litigation has been reduced to the expenditure of attorney fees to seek nothing more than more attorney fees.  Granting mother's request would require remanding the matter to the juvenile court for yet another consideration of fees, which would inevitably lead to an appeal of that order, followed by yet another request for fees for *that* appeal, and so on.  We exercise our discretion to declare that enough is enough.  Mother's request for appellate attorney fees is denied.

## VI.    Disposition

¶ 23    The order is affirmed.

JUDGE YUN and JUDGE SULLIVAN concur.